[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-10894

————————————————

CREEKSIDE CROSSING CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff-Appellee,

*versus*

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00136-JLB-MRM

————————————————

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

On our own motion, we vacate our prior opinion, and substitute it with the following opinion.  Empire's motion for panel rehearing is denied as moot.

This appeal concerns a pending insurance contract dispute between Creekside Crossing Condominium Association, Inc., and Empire Indemnity Insurance Company, which issued an insurance policy (the "Policy") to Creekside for coverage of multiple buildings that Creekside owns in Bonita Springs, Florida.  We presume that the parties are familiar with the facts of the case and only discuss those facts necessary for resolution of the appeal.

Following Hurricane Irma, Creekside filed a first-party claim for property insurance benefits under the Policy, claiming that Hurricane Irma damaged its property and that the damage was covered by the Policy.  After its investigation of the claim, Empire found covered damages to some of Creekside's buildings, but a dispute between the parties arose as to the amount of loss of the claim.

Because of this dispute, Creekside sought to invoke appraisal based on the Policy's appraisal provision.  The appraisal provision provides that if the parties "[d]isagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing," sets forth the procedures of the appraisal process, and states that "[i]f there is an appraisal, [Empire] will still retain [its] right to deny the claim."  When Empire refused to go to appraisal,

Creekside sued Empire in Florida state court, and Empire removed the case to federal court based on diversity jurisdiction.

Following removal, Creekside amended its complaint, alleging one count for declaratory judgment and one count for breach of contract. Creekside then filed a motion to compel appraisal and to stay the proceedings pending the completion of the appraisal process, which Empire opposed. Empire also filed an answer asserting various defenses against Creekside's complaint, as well a motion to dismiss the complaint. The district court denied Empire's motion.

Creekside's motion to compel appraisal was referred to a magistrate judge. The magistrate judge issued a report and recommendation, which recommended the district court grant Creekside's motion to compel appraisal as set forth by the Policy. The magistrate judge found that Creekside was not required to prove the elements of specific performance nor move for summary judgment for the court to compel appraisal under Florida law. The magistrate judge also declined Empire's request to "impose guidelines or require specific processes during appraisal as that would amount to rewriting the parties' Policy to add conditions for the appraisal process that were not part of the parties' bargain."

Empire objected to the magistrate judge's report and recommendation, but the district court overruled Empire's objections and adopted the report. In doing so, the district court explained that the parties can seek appraisal through breach of contract and declaratory judgment actions and that a summary judgment

motion was not a requirement for a party to move for appraisal, as appraisal—which only determined the *amount* payable under the Policy, and *not* the obligation to pay that amount—did not entitle any party to judgment.  The court also found that a stay of the case pending appraisal would not unduly prejudice or tactically disadvantage Empire, noting that "discovery, of course, may resume upon completion of the appraisal process."  The district court thus ordered the parties to appraisal and stayed the case pending completion of the appraisal process.  Empire timely appealed the district court's order.

During this appeal, we issued a jurisdictional question to the parties asking them to address whether this Court had appellate jurisdiction over an order that compelled appraisal, stayed the case pending appraisal, and directed the parties to file status reports on the appraisal process.  We also asked the parties to address whether orders compelling appraisal are treated the same as orders compelling arbitration for purposes of appellate jurisdiction.

After careful review, and with the benefit of oral argument, we conclude that we lack jurisdiction over the district court's order compelling appraisal and staying the proceedings pending appraisal for the reasons stated in our recent decision in *Positano Place at Naples I Condominium Association v. Empire Indemnity Insurance Co.*, Nos. 22-11059, 22-10877, 22-11060, 22-10889, 2023 WL 6937601 (11th Cir. Oct. 20, 2023).  Indeed, the order compelling appraisal is an interlocutory order that is not immediately appealable under 28 U.S.C. § 1292(a)(1) or under the Federal Arbitration Act.  *See id.* at

22-10894               Opinion of the Court                    5

*10–11.  Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

**APPEAL DISMISSED.**

22-10894                TJOFLAT, J., Dissenting                1

TJOFLAT, Circuit Judge, dissenting:

For the reasons expressed in my dissent in *Positano Place at Naples I Condominium Association v. Empire Indemnity Insurance Co.*, Nos. 22-11059, 22-10877, 22-11060, 22-10889, 2023 WL 6937601 (11th Cir. Oct. 20, 2023), I dissent to the dismissal of this appeal.